# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: MICHELLE LYNN DAMICO            §   Case No. 11-30387
                                       §   Hon. CAROL A. DOYLE
                                       §   Chapter 7
                                       §
Debtor(s)

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that ALLAN J. DeMARS, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Application for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn Street
7th Floor
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within _____ days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30a.m. on 01/12/2012 in Courtroom 742, Dirksen Federal Building Courthouse, 219 S. Dearborn Street
Chicago, IL

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____     By: Clerk U. S. Bankruptcy Court
                                     (Title of person signing form)

*Trustee's Name:*
ALLAN J. DeMARS

*Trustee's Address:*
100 W. Monroe St.
Suite 910
Chicago, IL 60603

UST Form 101-7-NFR (10/1/2010)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: MICHELLE LYNN DAMICO

Case No. 11-30387
Hon. CAROL A. DOYLE
Chapter 7

Debtor(s)

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---:|
| The Final Report shows receipts of | $9,596.00 |
| and approved disbursements of | $5.61 |
| leaving a balance on hand of [1] | $9,590.39 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| NONE | | | | | $0.00 |

| | |
|---|---:|
| Total to be paid to secured creditors: | $0.00 |
| Remaining balance: | $9,590.39 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| Trustee, Fees | ALLAN J. DeMARS | $1,709.60 | $0.00 | $1,709.60 |
| Trustee, Expenses | ALLAN J. DeMARS | $8.88 | $0.00 | $8.88 |
| Attorney for Trustee, Fees | ALLAN J. DeMARS | $675.00 | $0.00 | $675.00 |
| Attorney for Trustee, Expenses | ALLAN J. DeMARS | $0.00 | $0.00 | $0.00 |
| Accountant for Trustee, Fees | | | | |
| Accountant for Trustee, Expenses | | | | |
| Auctioneer, Fees | | | | |
| Auctioneer, Expenses | | | | |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010)

| | |
|---|---|
| *Charges,  U.S. Bankruptcy Court* | |
| *Fees, United States Trustee* | |
| Other | |
| Total to be paid for chapter 7 administrative expenses: | $2,393.48 |
| Remaining balance: | $7,196.91 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Total Requested* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for            , Fees* | | | |
| *Attorney for            , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| Other | | | |
| Total to be paid for prior chapter administrative expenses: | | | $0.00 |
| Remaining balance: | | | $7,196.91 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010)

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | $0.00 | $0.00 | $0.00 |

|   |   |
|---|---|
| Total to be paid for priority claims: | $0.00 |
| Remaining balance: | $7,196.91 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling      $38,407.56 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be   18.7   percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Atlas Acquisitions assignee of HSBC | $825.25 | $0.00 | $154.64 |
| 2 | Atlas Acquisitions assignee of GE Capital | $7,437.67 | $0.00 | $1,393.69 |
| 3 | Midland Credit Management | $340.80 | $0.00 | $63.86 |
| 4 | Midland Credit Management | $615.07 | $0.00 | $115.25 |
| 5 | Midland Credit Management | $13,274.80 | $0.00 | $2,487.47 |
| 6 | World Financial Network Natl Bank | $490.71 | $0.00 | $91.95 |
| 7 | American InfoSource LP agent for Target | $4,460.12 | $0.00 | $835.75 |
| 8 | American Express Centurion Bank | $1,570.75 | $0.00 | $294.33 |
| 9 | American InfoSource LP agent for Asset Acceptance | $6,695.66 | $0.00 | $1,254.65 |
| 10 | American InfoSource LP agent for Asset Acceptance | $2,696.73 | $0.00 | $505.32 |

|   |   |
|---|---|
| Total to be paid for timely general unsecured claims: | $7,196.91 |
| Remaining balance: | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling      $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | $0.00 |

UST Form 101-7-NFR (10/1/2010)

| | |
|---|---:|
| Total to be paid for tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $0.00 |

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$0.00_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be __0__ percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | $0.00 |
| | | Total to be paid for subordinated claims: | | $0.00 |
| | | Remaining balance: | | $0.00 |

Prepared By:  /s/ ALLAN J. DeMARS
                          Trustee

*Trustee's Name:*
ALLAN J. DeMARS

*Trustee's Address:*
100 W. Monroe St. - Suite 910
Chicago, IL 60603

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-NFR (10/1/2010)